488

Argued April 15, affirmed June 3, petition for rehearing denied September 15, 1953, Order of United States Supreme Court dismissing appeal February 24, 1954

## BOARD OF MEDICAL EXAMINERS *v.* BUCK
258 P. 2d 124

*Ralph E. Moody,* of Salem, argued the cause for appellant. With him on the brief were Moody & Lamkin, Douglas L. Hay and Henry M. Hanzen, all of Salem.

*Howard I. Bobbitt,* of Portland, argued the cause and filed a brief for respondent.

BRAND, J.

This is an appeal from a judgment of the circuit court of the State of Oregon for Multnomah County affirming an order of the Board of Medical Examiners of the State of Oregon, which order revoked the license of George H. Buck to practice medicine and surgery in the State of Oregon. The original complaint in this case was filed in 1946 followed by an amended complaint in December of that year. The amended complaint contained 14 counts but each one was based upon the same general charge, namely, the causing of an abortion by operation upon or treatment of one Frances Rasmussen. In some counts the death of the

child, and in others, the death of the mother, was alleged. The defendant received due notice, filed an answer and testified at the hearing. The Medical Board made findings of fact and conclusions of law sustaining the charges and on the second day of May, 1947, entered an order revoking the defendant's license to practice. Appeal was taken to the circuit court where the issues were determined solely upon the sufficiency of the pleading. It was held that none of the counts stated facts constituting sufficient ground for the revocation of the license. The order of the Board was reversed and it was directed to reinstate the defendant as a duly licensed physician. The Board appealed to this court and after hearing we reversed the judgment of the trial court and remanded the cause with directions to proceed with the trial of the appeal according to the provisions of OCLA, § 54-933. Our opinion appears in 192 Or 66, 232 P2d 791. We are satisfied with the conclusions there set forth and shall not reconsider or review them here.

Pursuant to the order of this court, the circuit court entertained the appeal and affirmed the order of the Board revoking the license of the defendant. Now, nine and one-half years after the commission of the abortion, and six years after the institution of these proceedings, the case is again before us upon appeal. At the hearing before the circuit court, the defendant moved for an order quashing the information upon the ground that OCLA, § 54-931 was amended by Oregon Laws 1951, ch 265. The motion was denied and the defendant now assigns that ruling as error. The contention is that since the act of 1951 contained no saving clause as to proceedings instituted prior to the date of the amendment, the enactment of the amendment "operates as a repeal of provisions of the amended act

which are changed by and repugnant to the amendatory act." The proceeding for revocation of the license was brought under the provisions of OCLA, § 54-931 which, so far as material here, reads as follows:

"The board may refuse to grant a license to any applicant who desires to practice medicine and surgery in this state or may suspend or revoke such licenses for any of the following reasons:

"(a) Unprofessional or dishonorable conduct;

"(b) The procuring or aiding or abetting in procuring an abortion unless such is done for the relief of a woman whose health appears in peril because of her pregnant condition after due consultation with another duly licensed medical physician and surgeon;

\* \* \* \* \*''

The amendment adopted in 1951 added after the last word of (b) certain new matter so that the section would require consultation with another duly licensed medical physician and surgeon "who is not an associate or relative of the physician or surgeon and who agrees that an abortion is necessary. The record of this consultation shall be in writing and shall be maintained in the hospital where the consultation occurred or in the offices of all physicians and surgeons involved for a period of at least three years after the date of such abortion."

The trial court considered this proposition, and in denying the motion to quash, expressed the opinion that the amendment was not inconsistent with the provisions of OCLA, § 54-931 (b). Counsel for the defendant relies upon the rule that where a law and an amendment thereto are so repugnant that both measures cannot be enforced there is an implied repeal of the earlier statute. He then cites authority to the effect that "the

repeal of a law conferring jurisdiction takes away all right to proceed, under the repealing statute, as to all actions, suits, or proceedings pending at the time of the repeal, unless there is a saving clause in the repealing statute, and this is so in an appellate as well as the court of original jurisdiction." *State v. Ju Nun,* 53 Or 1, 97 P 96, 98 P 513; *Drainage Dist. No. 7 v. Bernards,* 89 Or 531, 174 P 1167; *State v. Moore,* 192 Or 39, 233 P2d 253; 50 Am Jur, Statutes, § 530, p 536, § 552, p 556. The defendant's difficulty is that the cases cited have no applicability to the issue here presented.

■ The 1951 act repealed no part of OCLA, § 54-931 (b). It reenacted all of that subsection and merely added other requirements. Insofar as the two acts are the same, the new act is regarded as a mere continuation of the earlier one so that only the new provisions are to be considered as having been enacted at the time of the amendment. 50 Am Jur, Statutes, § 468, p 482.

Prior to 1951 a license might be revoked unless the abortion is performed for the relief of a woman whose health appears in peril because of her pregnant condition after due consultation with another physician. After 1951 the license may still be revoked under the same conditions. After 1951 there were additional grounds for revocation not previously applicable. Even though he confers as required under OCLA, § 54-931 (b) the license may still be revoked if the conference is not held and recorded as required in the 1951 act. Defendant's argument amounts merely to this: That the license of a physician who violates one provision of the professional code cannot be revoked because he did not violate all of them. There is no repugnancy between the two acts. The conduct of a physician previous to the 1951 amendment is tested by the statute then and now in force. Any conduct after the enactment of

1951 is to be tested by all of the provisions both old and new. No saving clause was required.

■ Defendant also assigns as error the insufficency of the complaint. That issue was determined adversely to the defendant's contention on the previous appeal to this court. We decline to discuss it further. The only other assignments of error relate to the alleged insufficiency of the evidence.

The complaint alleges in substance that Dr. Buck, a licensed physician, in October, 1943, performed an abortion upon Frances Rasmussen who was then in a pregnant condition, and "That the health of the said Frances Rasmussen was not in peril because of her pregnant condition, and that the said George H. Buck did not duly consult with another duly licensed medical physician and surgeon prior to performing said abortion." Other allegations amplify the charge thus briefly stated, asserting alternative means by which the act was performed, and the death of the child and of the mother. The findings of fact by the Board support the allegations of the complaint.

The statute authorizing appeal to the circuit court from the order of the Board provides:

"(e) On appeal the court shall be confined to the record certified by the secretary of the board.

"(f) The court shall consider the record so certified, and may affirm or reverse the order of revocation or suspension entered by the board.

"(g) The court may only reverse the order of the board if: (1) the complaint does not state sufficient grounds for the action of the board; or (2) there is no legal evidence to support the action of the board; or (3) the board did not have jurisdiction of the matter or the accused.

\* \* \* \* \*" OCLA, § 54-933.

The circuit court reviewed the evidence and found that the Board had jurisdiction of the subject matter and the accused and that there was legal evidence to support the order of revocation.

■ We deem it unnecessary to review the voluminous record in the case at any great length. The evidence discloses that Frances Rasmussen was pregnant and intended to apply to the defendant for an abortion. She was apparently in good health. Her pregnancy was normal. Dr. Buck testified that she would carry her baby through the term and that she had no infection until after the delivery. He did not call in any other physician for consultation. He testified that she was not miscarrying when he first saw her. He also testified, "She asked me to take care of her when she was miscarrying, and I said I never refused calls when people are in trouble." A witness who accompanied Frances Rasmussen to Dr. Buck's office testified that Frances Rasmussen asked him "if he done abortions, and he said Yes, that he had done a lot of them." The doctor said that he charged $50, and $50 extra for each month more that she was pregnant. The doctor claimed that Frances Rasmussen had attempted to abort herself, but admitted that he administered a drug to aid in a quicker expulsion of the fetus. The fetus was removed and Frances Rasmussen died of post abortal pelvic inflammatory disease. Defendant testified that he had never performed an abortion, but also admitted that he had done so. He also testified that he had caused his office records in the case to be destroyed. There was evidence that the deceased bled extensively within a short time after the doctor's treatment. A dying declaration was received in evidence wherein Frances Rasmussen stated that she fully realized the seriousness of her present illness and that she might not survive. She

certified that "Dr. George H. Buck, 430 S.E. Hawthorn St Portland Oregon did perform upon me at his office, a criminal abortion with my knowledge & consent." We are in entire accord with the findings of the medical board and with the judgment of the circuit court wherein it was held that there was legal evidence supporting the charge.

■ After the case had been remanded to the circuit court pursuant to our opinion in *Board of Medical Examiners v. Buck,* 192 Or 66, 232 P2d 791, the secretary of the Board of Medical Examiners filed in the Circuit Court of the State of Oregon for Multnomah County a motion for an order to show cause why an order should not be issued by that court enjoining the said George H. Buck from the practice of medicine and surgery in the state of Oregon until the final decision of the appeal. Supporting affidavits were filed which stated that the defendant was practicing, not only medicine, but abortions, since the order of revocation. The defendant moved to quash the order to show cause upon the ground that the circuit court was without power or jurisdiction to issue said order and upon the further ground that the motion for such order and the supporting affidavits did not state facts sufficient to authorize the issuance of such order. The circuit court granted the motion to quash and dismissed the proceeding. The Board relied upon the following statutory provisions:

"(j) No person whose license has been revoked or suspended by the board shall practice medicine and surgery pending the decision of the court upon appeal from the decision or order of the board." OCLA, § 54-933.

"Except as provided in section 54-902, no person shall practice medicine or surgery in this state without being licensed so to do by the state board of medical examiners. * * *" OCLA, § 54-941.

An appeal was taken by the Board from the decision of the circuit court. Both appeals were argued before this court at the same time, and we will dispose of both in this opinion.

The appeal from the order revoking the defendant's license has now been finally determined and the revocation of the license is affirmed. The question as to the power of the circuit court pending appeal to enforce by injunction the plain provisions of the statute which prohibit a person whose license has been revoked from practicing medicine is now moot. We deem it unnecessary to pass upon the issues thus presented. In declining to rule upon the question, we do not intend to imply any approval of the refusal of the trial court to entertain the motion for an order to show cause. The appeal from the last-mentioned order is dismissed as moot.

The judgment of the circuit court affirming the order of the Board of Medical Examiners revoking the license of the defendant Buck is affirmed.