556 P.2d 326

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland Corporation, Appellant,**

v.

**MICHIGAN BANK, a National Banking Association, Appellee.**

**No. 1 CA–CIV 2931.**

Court of Appeals of Arizona, Department B, Division 1.

Nov. 4, 1976.

"conditioned for the faithful performance of all sales contracts or agreements." Aircraft dealer was defined in A.R.S. § 2–151*:

"1. 'Aircraft dealer' means any person engaged in the sale or brokerage of any new or used aircraft, or a commercial flight operator or fixed based operator who is engaged in the sale or brokerage of new or used aircraft and has an established place of business."

The issue arose when the appellee, Michigan Bank, filed suit to recover the amount of the bond issued by the appellant, United States Fidelity and Guaranty Company, naming DML Aviation, Inc. as principal. Michigan Bank had financed DML's purchase of a used aircraft and DML defaulted on the note. Michigan Bank asserted that the bond required by A.R.S. § 2–153 protected it from loss under such a security agreement and the Bank was therefore entitled to recover under DML's bond.

The trial court granted Michigan Bank's Motion for Summary Judgment, finding that DML had failed to faithfully perform its agreement with appellee and therefore appellee could recover against the surety bond. U.S.F.&G. has appealed arguing that the aircraft dealer's bond does not apply to the benefit of a lender who finances an aircraft purchase by the surety's principal.

The fundamental rule of statutory construction is to ascertain and give effect to the true intent of the legislature. *Arizona Corporation Commission v. Superior Court*, 105 Ariz. 56, 459 P.2d 489 (1969); *Employment Security Commission of Arizona v. Fish,* 92 Ariz. 140, 375 P.2d 20 (1962); *Estate of Stark,* 52 Ariz. 416, 82 P.2d 894 (1938); *DeWitt v. Magma Copper Co.,* 16 Ariz.App. 305, 492 P.2d 1243 (1972). Courts, however, must follow the language of the statute if it is plain and unambiguous and the clear meaning does not lead to an absurdity. *Marquez v.*

Moore & Romley by Robert A. Scheffing, Phoenix, for appellant.

Rawlins, Ellis, Burrus & Kiewit by Michael V. Mulchay, Phoenix, for appellee.

OPINION

WREN, Judge.

This appeal seeks an interpretation of the phrase "sales contracts or agreements" contained in A.R.S. § 2–153* which required that aircraft dealers file a bond

---

\* These provisions are now contained in Title 28, Chapter 12, Article 5, Arizona Revised Statutes.

**480**

*Rapid Harvest Co.,* 89 Ariz. 62, 358 P.2d 168 (1960); *Employment Security Commission of Arizona v. Fish,* supra; *DeWitt v. Magma Copper Co.,* supra.

 In arriving at what we believe to have been the intention of the legislature, we have considered the context of the bonding requirement, the subject matter, the effect, consequences, spirit and reason of the law. *Isley v. School District No. 2 of Maricopa County,* 81 Ariz. 280, 305 P.2d 432 (1956). The article containing the bonding provision concerns itself with aircraft dealers; that is, persons engaged in the sale or brokerage of new or used aircraft. If the bond is cancelled for any reason A.R.S. § 2–153 demands that the dealer "discontinue sales until such time as a new bond" is acquired. We believe these provisions evidence a statutory intent to protect only the consumers; that is, those persons who do business with the dealer in a sale or brokerage transaction. Lenders, like appellee, have adequate means of protesting themselves from loss when financing an aircraft dealer or anyone else. The protection of a bond is not needed. To adopt the interpretation urged by appellee would be to, in effect, require the surety to underwrite the solvency of its principal. In our opinion the legislature could not have intended such a result.

We believe that the phrase "sales contracts or agreements" clearly refers to only sales contracts or sales agreements entered into between an aircraft dealer and a consumer involving the sale or brokerage of a new or used aircraft. The use of the equivalent terms "contracts" and "agreements" evidences only the legislature's recognition of the use of both terms on sales or brokerage documents.

This interpretation, we believe, fulfills the purpose of the legislature in enacting the bond requirement. It does not encompass the financing of the purchase of an aircraft by a dealer. The trial court therefore erred in granting summary judgment for appellee and rather should have granted U.S.F.&G.'s motion to dismiss.

Judgment favoring Michigan Bank is reversed and its claim against U.S.F.&G. is dismissed.

EUBANK and FROEB, JJ., concur.