SCHWAB, C. J.
This is a direct appeal under ORS 183.400[1] challenging the validity of a rule promulgated by Oregon Transportation Commission (OTC).
On February 27, 1974, ORS 487.475 became effective. ORS 487.475 gives the OTC the authority to fix a maximum speed of 55 miles per hour upon all highways in this state
"[wjhenever [it] determines that there is a need to conserve fuel because of current or imminent fuel shortages, and further that limiting the maximum speeds of vehicles will conserve motor fuel * * ORS 487.475.
In May 1974, the OTC, having determined that "there is a need to conserve fuel because of current fuel shortages and * * * that lowering the maximum speeds of vehicles will conserve motor fuel * * proposed a rule limiting the maximum highway speed limit to 55 miles per hour. Administrative Rules Bulletin, p 15, May 15, 1974. The rale, OAR 10-TC-28(1), was permanently adopted in June 1974.
In January 1977, petitioner requested that the OTC repeal OAR 10-TC-28(1), contending that there was no fuel shortage in Oregon which required the promulgation of the rule. The OTC denied the petition to repeal on January 18, stating in part:
*[452] "It is the opinion of the Commission that the present rate of consumption of fuel in Oregon does not address the issue of whether or not there is a current or imminent fuel shortage. We consider the question of a fuel shortage or its imminence to be a national and international problem and one which we believe to be critical still. * * *”
Under ORS 183.400(3), we may declare a rule invalid only if
“* * * the rule: (a) Violates constitutional provisions or; (b) exceeds the statutory authority of the agency or; (c) was adopted without compliance with applicable rulemaking procedures.”
Petitioner contends that OAR 10-TC-28(1) exceeds the statutory authority of the OTC because the OTC did not find in its January 18 order that there was a current or imminent shortage of fuel in Oregon. We agree with the interpretation of the statute made by OTC.
Petitioner also contends that ORS 487.475 and OAR 10-TC-28(1) are an unconstitutional delegation of legislative authority. In determining whether there has been an unconstitutional delegation of legislative authority, an important consideration is "* * * whether the procedure established for the exercise of the power furnishes adequate safeguards to those who are affected by the administrative action.” Warren v. Marion County et al, 222 Or 307, 314, 353 P2d 257 (1960), citing 1 Davis, Administrative Law Treatise, §§ 2.10, 2.15, 7.20. Neither ORS 487.475 nor OAR 10-TC-28(1) provides any such safeguards. However, the APA does furnish an appeal procedure for review of administrative action under ORS 183.400 and 183.482(8)(c). This is sufficient to sustain a delegation of legislative authority where the enabling statute and agency rule provide no such procedure. See State v. Hudson House, Inc. et al, 231 Or 164, 183-85, 371 P2d 675 (1962). However, petitioner argues that because no factual basis for rulemaking is required in direct review of rules, he has no real protection against *[453] improper agency action. "The criterion for determining the validity of a delegation should be the totality of protection against arbitrariness * * Davis, Administrative Law Treatise, 1 1970 Supplement 54, § 2.00-5. Under the APA, petitioner has obtained judicial review of OTC action in a direct-review proceeding.
Any review on a larger scale, if warranted, must await an appropriate challenge in a specific enforcement proceeding. This potential double judicial evaluation of agency action is abundant protection against arbitrariness on the part of the OTC.
Rule upheld.

ORS 183.400 provides in pertinent part:
"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.
"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law.
"(3) The court shall declare the rule invalid only if it finds that the rule: (a) Violates constitutional provisions or; (b) exceeds the statutory authority of the agency or; (c) was adopted without compliance with applicable rulemaking procedures.
‡ ‡ ‡ ‡»