590 P.2d 1390

HIGH SCHOOL DISTRICT NO. 106, PIMA COUNTY, an Arizona School District, Petitioner-Appellee,

v.

CIVIL RIGHTS DIVISION, State of Arizona, Respondent-Intervenor-Appellant.

2 CA–CIV 3057.

Court of Appeals of Arizona, Division 2.

Feb. 14, 1979.

DeConcini, McDonald, Brammer, Yetwin & Lacy, P. C. by William B. Hanson and John C. Richardson, Tucson, for petitioner-appellee.

Robert K. Corbin, Atty. Gen. by Heather Sigworth and Philip G. Urry, Asst. Attys. Gen., Tucson, Arthur G. Garcia, Asst. Atty. Gen., Phoenix, Executive Director of the Arizona Civil Rights Division Attorneys for respondent-intervenor-appellant.

OPINION

RICHMOND, Chief Judge.

This is an appeal from an order denying a motion to intervene in a judicial proceeding to perpetuate testimony. 16 A.R.S. Rules of Civil Procedure, rule 27(a). An employer charged with discriminatory practices under the Civil Rights Act had petitioned to take the deposition of the complaining employee before any action had been commenced and the Arizona Civil Rights Division unsuccessfully sought intervention in order to oppose the petition.

The Civil Rights Division is the state agency established to investigate, enforce and promote compliance with the civil rights laws in conjunction with the United States Equal Employment Opportunity Commission.[1] The complainant here had charged her employer with sex discrimina-

___

1. A.R.S. § 41–1401, et seq.

tion and retaliation for a previous discrimination charge that was never prosecuted.

The statutory procedure upon receipt of such a complaint is for the division to notify the employer of the charges against it and serve it with a copy of the complaint, and then to conduct an investigation. If the division concludes there is no reasonable cause to believe the claim, it dismisses the matter. If it determines that there is cause to believe the charge is true, it "shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation and persuasion."[2] All conciliation agreements shall provide that the charging party waives all rights to sue the employer on any of the charges filed.[3] Only after efforts at conciliation have failed does the division have the right to bring an action in court. In the event the charge is dismissed by the division, or if within 90 days from its filing the division has neither filed a civil action nor entered into a conciliation agreement, the division shall so notify the charging party, who may then commence a civil action against the employer. If the ultimate action is brought by the division, the charging party has the right to intervene; if brought by the charging party, the court may in its discretion permit the division to intervene "upon certification that the case is of general public importance."[4]

In this case, however, the division informed both the employer and the charging party that it would not process the charge "due to the lack of resources," but would issue the charging party a "right to sue" letter upon request 90 days after the charge was filed. Several months later the employer filed in superior court a rule 27 petition to take the deposition of the complaining employee, who it claimed refused to grant an interview. The division filed a motion to intervene and motion to quash the rule 27 petition. The trial court granted the employer's petition to take the depo-

sition and denied the division's motions. This appeal followed.

The employer concedes the appealability of an order denying intervention but maintains that the trial court correctly refused intervention in this case. We agree.

In the absence of an unconditional statutory right to intervene, the rule governing intervention of right requires that the applicant claim "an interest relating to the property or transaction which is the subject of the action and [be] so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest." 16 A.R.S. Rules of Civil Procedure, rule 24(a). The division asserts that the requirement is satisfied by its interest in protecting its own jurisdiction, the confidentiality of its investigation, and the rights of charging parties. Although that may be true in an appropriate case, we do not find it so where the division has declined to investigate or otherwise proceed with the statutory alternatives to a civil action. Under those circumstances the trial court properly denied the motion to intervene, and did not abuse its discretion in granting the petition for a deposition under rule 27.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.

---

2. A.R.S. § 41–1481(B).

3. A.R.S. § 41–1481(C).

4. A.R.S. § 41–1481(D).