STATE OF OREGON,
*Appellant,*

*v.*

ROBERT JON McCREA,
*Respondent.*

(No. 78-20314, CA 14432)

604 P2d 884

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for appellant. With her on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Robert J. McCrea, Eugene, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant was charged with the traffic infraction of driving in excess of the maximum speed limit of 55 miles per hour, a Class C traffic infraction, ORS 487.475. During trial to the court, after the state had rested, defendant moved for an order arresting judgment or in the alternative for an order dismissing the complaint. Defendant contended that a cause of action was not stated, because the rule establishing the speed limit had been improperly promulgated in 1974. The district court granted the motion to dismiss, and the state appeals.

As a preliminary matter, defendant challenges the jurisdiction of this Court to hear an appeal brought by the state under ORS 138.060.[1] The state argues that under subsection (2) of that statute the state may appeal from an order arresting judgment. Defendant notes that a motion to arrest judgment, according to ORS 136.500, must be predicated on either a verdict or a plea of guilty, neither of which is present here. But an altogether different statute governs the right of appeal in traffic infraction cases.[2] ORS 484.405 provides:

> "An appeal from a judgment involving a traffic infraction, except a traffic infraction prosecuted and made punishable as a Class A misdemeanor pursuant to ORS 484.365, may be taken by either party:

---

[1] ORS 138.060 provides:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument;

"2) An order arresting the judgment;

"(3) An order made prior to trial suppressing evidence; or

"(4) An order made prior to trial for the return or restoration of things seized."

[2] We do not reach the question whether ORS 138.060, applicable to other criminal cases, precludes appeal by the state from an order of dismissal having the effect of arresting judgment, but which is made neither prior to trial nor after a plea or a verdict of guilty.

[783]

"* * * * *

"(2) From a proceeding in district court, as provided in ORS chapter 46 * * *

"* * * * *."

Because the order dismissing the complaint affects a substantial right and in effect determines the action by preventing a judgment, for purposes of appeal the order of dismissal is considered a judgment. ORS 46.250(2)(a); *State v. Riggs*, 35 Or App 571, 574, 582 P2d 457 (1978), *rev den* 285 Or 1 (1979). The state is entitled to maintain its appeal on the basis of ORS 484.405(2).

ORS 487.475, enacted in 1974, authorizes the setting of a maximum speed limit of 55 miles per hour:

"(1) Whenever the Oregon Transportation Commission determines that there is a need to conserve fuel because of current or imminent fuel shortages, and further that limiting the maximum speeds of vehicles will conserve motor fuel, the *Department of Transportation* is authorized to fix a maximum speed of not more than 55 miles per hour upon all highways within the state. * * * (Emphasis added.)

"* * * * *."

In June of 1974 the Oregon Transportation Commission, determining that there was a fuel shortage, promulgated a permanent rule fixing the maximum speed limit in Oregon at 55 miles per hour. OAR 10-TC-28(1).[3] The issue is whether that rule is invalid

---

[3] OAR 10-TC-28(1) provides in pertinent part:

"Pursuant to the authority granted to the Oregon Transportation Commission under section 2 chapter 6 Oregon Laws 1974 (enrolled house bill 3306) the Oregon Transportation Commission hereby determines that there is a need to conserve fuel because of current fuel shortages and further determines that lowering the maximum speeds of vehicles will conserve motor fuel. It is thereby ordered that a maximum speed limit of 55 miles per hour is hereby established for all highways within the State. Any prior rule or regulation adopted by the State Highway Commission or the Oregon Transportation Commission in conflict with this order is hereby rescinded."

solely because it was adopted by the Oregon Transportation Commission rather than by the Department of Transportation.[4]

The Oregon Transportation Commission has the general authority to promulgate rules. ORS 184.619. Because ORS 487.475, *supra*, authorizes the Commission to decide whether a 55 miles per hour speed limit should be imposed, the Commission has the authority by necessary implication to adopt a rule implementing the limit. *Board of Medical Examiners v. Buck*, 192 Or 66, 82, 232 P2d 791 (1951), 200 Or 488, 258 P2d 124 (1953), *appeal dismissed* 346 US 919 (1954). Had the statute omitted mention of who was to fix the speed limit, the Commission's rule would nonetheless be upheld as a valid exercise of authority. Defendant argues, however, that because ORS 487.475 specifically authorizes the Department to fix the speed limit, the Commission is precluded from doing so.

We are not persuaded that this result necessarily follows. The Oregon Transportation Commission in 1974 was a part of the Department of Transportation. ORS 184.615.[5] Within the Department, the Commission had the functions of setting policy and long-range planning, as well as substantive rule adoption. ORS 184.617-19. The statutes bestow no authority on the Department *per se* to promulgate rules. Moreover,

---

[4] Defendant also raised at trial constitutional objections to the rule, including unlawful delegation of authority, vagueness of both statute and rule, and lack of standards. The order appealed from did not rely on those grounds. *Bercot v. Ore. Transportation Comm.*, 31 Or app 449, 451-52, 570 P2d 1195 (1977), rejected similar contentions concerning the same rule and statute.

[5] The 1979 Legislature amended ORS 184.615 by removing the Oregon Transportation Commission from the Department of Transportation. Or Laws 1979, ch 186, § 4. At the same time, the following provision was enacted:

"Notwithstanding any other provisions of law, the Oregon Transportation Commission has the power to adopt any rules, establish any policy or exercise any other duty, function or power where a statute gives such power to the Department of Transportation." Or Laws 1979, ch 186, § 3.

statutory reference to the Department of Transportation has been construed to signify the Oregon Transportation Commission. In *United Parcel v. Trans. Comm.*, 27 Or App 147, 149, 555 P2d 778 (1976), the "consent of the department [of transportation]," referred to in ORS 483.542, was interpreted by this Court to mean the consent of the Oregon Transportation Commission. We conclude the legislature did not intend that the Oregon Transportation Commission, as part of the Department of Transportation, be foreclosed from implementing an otherwise valid determination that the maximum speed limit in Oregon should be set at 55 miles per hour for conservation reasons.

Reversed and remanded for new trial.