OPINION
GRANT, Judge.
The issue presented in this appeal is whether the Arizona Civil Rights Division may seek class-wide relief from employment discrimination practices. We hold that it may and reverse the judgment entered by the trial court.
The Arizona Civil Rights Division (ACRD), appellant herein, filed an action on December 29, 1978, against appellee Hughes Airwest (Hughes) pursuant to Arizona Civil Rights Act, A.R.S. § 41-1481(D). The complaint stated that an employee of Hughes, James Ray, who is black, filed a charge pursuant to A.R.S. § 41-1481 alleging that Hughes engaged in unlawful employment practices in violation of A.R.S. § 41-1463. Count two of the complaint alleged that Hughes has engaged and continues to engage in unlawful employment practices which discriminate against blacks as a class. Hughes moved to dismiss count two under rule 12(b)(6) of the Arizona Rules of Civil Procedure on the grounds that the Arizona Civil Rights Act did not provide for ACRD to bring an action for class-wide relief and that ACRD cannot satisfy rule 23 requirements for class actions. After a hearing on the matter, the trial court dismissed count two of the complaint. ACRD moved for a new trial which was denied. Notice of appeal was filed on November 1, 1979. We have jurisdiction pursuant to A.R.S. § 12-2101(A) and (B).
The Civil Rights Division’s power to file a court action is found in A.R.S. § 41-1481(D) which provides:
D. If within thirty days after the division has made a determination that reasonable cause exists to believe that the charge is true the division has not accepted a conciliation agreement to which the charging party and the respondent are parties, the division may bring a civil action against the respondent, other than the state, named in the charge. The charging party shall have the right to intervene in a civil action brought by the division. If a charge filed with the division pursuant to subsection A is dis *311 missed by the division or if within ninety days from the filing of such charge the division has not filed a civil action under this section or has not entered into a conciliation agreement with the charging party, the division shall so notify the charging party. Within ninety days after the filing of such notice a civil action may be brought against the respondent named in the charge by the charging party or if such charge was filed by a member of the division, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon timely application, the court may in its discretion permit the division to intervene in civil actions in which the state is not a defendant upon certification that the case is of general public importance. Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the further efforts of the parties or the division to obtain voluntary compliance.
Class actions are neither expressly authorized nor explicitly forbidden by this statute. Hughes argues that this silence is evidence of legislative intent to limit the power of the division to specific individual cases. ACRD argues that subsection G, which governs the scope of judicial relief in an action brought under A.R.S. § 41-1481(D), manifests the legislative intent to permit class-wide relief. Subsection G provides:
G. If the court finds that the defendant has intentionally engaged in or is intentionally engaging in an unlawful employment practice alleged in the complaint the court may enjoin the defendant from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include but is not limited to, reinstatement or hiring of employees with or without back pay, payable by the employer, employment agency or labor organization, as the case may be, responsible for the unlawful employment practice, or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two years prior to the filing of the charge with the division. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable. No order of the court shall require the admission or reinstatement of an individual as a member of a union or the hiring, reinstatement or promotion of an individual as an employee or the payment to him of any back pay if such individual was refused admission, suspended or expelled or was refused employment or advancement or was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex or national origin, or violation of § 41-1464.
ACRD argues that the above paragraph provides for the broadest possible judicial relief and thus, manifests the legislative intent to permit class-wide relief. ACRD also argues that use of the statutory term “employees” when read with the word “practice” leads to the conclusion that judicial relief is to be given to the class of “employees” because of the discriminating “practice” of the employer.
In interpreting the Civil Rights Act, we are guided by general legal concepts regarding statutory construction. We must follow the language of the statute if it is plain and unambiguous and clear meaning does not lead to an absurdity. United States Fidelity & Guaranty Co. v. Michigan Bank, 27 Ariz.App. 478, 556 P.2d 326 (1976). Where the statute is plain and unambiguous, there is no need to go outside the language itself for interpretation. Employment Security Commission of Arizona v. Fish, 92 Ariz. 140, 375 P.2d 20 (1962). If, on the other hand, this court should conclude that A.R.S. § 41-1481 contains an “apparent ambiguity” as to whether ACRD may bring a statutory class action, we must then consider the statute as a whole to determine its intent and purpose. Employment Security Commission. Since A.R.S. § 41-1481 equally supports *312 the idea that a class action can be brought and the idea that it cannot (that is — there is no inference either way) we shall assume that A.R.S. § 41-1481 supports the allowance of class actions and thus, is not completely free from ambiguity. Hotel, Motel, Restaurant, etc., Union Local 879 v. Thomas, 551 P.2d 942 (Alaska 1976). We therefore examine the entire Civil Rights Act in order to reach a reasonable interpretation.
Pursuant to the statutory scheme of the Arizona Civil Rights Act, a charge is filed with ACRD by or on behalf of the complainant. A.R.S. § 41-1481(A). ACRD notifies the employer, serves it with a copy of the complaint and conducts an investigation. If ACRD concludes that there is cause to believe the charge is true it attempts to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation and persuasion. Id. at subsection B. Only after efforts at conciliation have failed does the division have the right to bring an action in court. Arizona Civil Rights Division v. Olson, 132 Ariz. 20, 643 P.2d 723 (App.1982); High School District No. 106 v. Civil Rights Division, 121 Ariz. 444, 590 P.2d 1390 (1979).
ACRD draws our attention to General Telephone Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), in which the United States Supreme Court affirmed the longstanding rule of lower federal courts that the Equal Employment Opportunity Commission has the power to seek class-wide relief in a suit pursuant to 42 U.S.C. 2000e-5(f)(1), the federal analogue to A.R.S. § 41-1481(D). By analogy to the federal EEOC cases, argues ACRD, A.R.S. § 41-1481 should be interpreted as allowing it to bring suit to obtain class-wide relief. The Supreme Court of this state recently said: “The Arizona Civil Right Act is modeled after and generally identical to the federal statute in the area (Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e,). Accordingly, we find federal Title VII case law persuasive in the interpretation of our Civil Rights Act.” Higdon v. Evergreen International Airlines, Inc., 138 Ariz. 163 n. 3, 673 P.2d 907 (1983).
Hughes points out, however, that our Act which was modeled on portions of Title VII of the federal statutes, circumscribed ACRD’s power in ways the EEOC is not limited, and in particular omitted § 707 of the federal act which provided governmental authority to seek redress for system-wide discrimination. The court’s holding in General Telephone, argues Hughes, is dependent on the undisputed federal power to bring “pattern-or-practice” cases against employers pursuant to § '707 of Title VII. ACRD counters this argument by asserting that the decision in General Telephone (holding that the EEOC can obtain class-wide relief under Title VII) was not based on the pattern or practice language of § 707, but was based on the language of §§ 706(a), (f)(1) and (g), provisions which parallel A.R.S. § 41-1481.
Prior to 1972, the only civil actions authorized under the federal civil rights act of 1964, other than private lawsuits, were actions by the Attorney General upon reasonable cause to suspect “a pattern or practice” of discrimination. General Telephone, 446 U.S. at 327, 100 S.Ct. at 1704-05, 64 L.Ed.2d at 327. “These actions did not depend upon the filing of a charge with the EEOC; nor were they designed merely to advance the personal interest of any particular aggrieved person.” Id. at 327, 100 S.Ct. at 1705, 64 L.Ed.2d at 327-28. Such § 707 actions have been described as “in the nature of class actions.” 118 Cong. Rec. 4080 (1972) (Senator Hruska). The act was amended in 1972 to authorize the EEOC to bring civil actions in federal district court against private employers reasonably suspected of violating Title VII, pursuant to a charge filed by a private party. General Telephone, 446 U.S. at 325, 100 S.Ct. at 1704, 64 L.Ed.2d at 327. The amendments also transferred to the EEOC the Attorney General’s authority to bring pattern-or-practice suits on its own motion. Id. at 328, 100 S.Ct. at 1705, 64 L.Ed.2d at 328. Thus, the EEOC can now *313 proceed by class suit just as the Department of Justice did in pattern and practice suits. Id., citing Senator Javits.
It is true then, that the EEOC’s authority to bring class actions is based on § 706 of Title VII which is comparable to A.R.S. § 41-1481. However, the EEOC’s authority to bring class actions is based on a transfer of such authority originally granted to the attorney general in § 707. Our Civil Rights Act does not have the comparable provisions of § 707 of Title VII. This significantly limits the applicability of the interpretation of § 706 in General Telephone to our state analogue, A.R.S. § 41-1481.
ACRD next relies on court decisions from other states which have held that class-wide relief is permitted under their respective civil rights statutes. Hotel, Motel, Restaurant, etc., Union Local 879 v. Thomas; Ferguson v. United Parcel Service, 7 Fair Empl.Prac.Cas. 411 (BNA) (Md. Cir.Ct.) aff'd. 270 Md. 202, 311 A.2d 220 (1973), cert. denied sub. nom. Maryland Commission on Human Relations v. United Parcel Service, 415 U.S. 1000, 94 S.Ct. 1602, 39 L.Ed.2d 895 (1974); Richardson v. School Board of I.S.D. No. 271, 297 Minn. 91, 210 N.W.2d 911 (1973); Jackson v. Concord Co., 54 N.J. 113, 253 A.2d 793 (1969); Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission v. Freeport Area School District, 467 Pa. 522, 359 A.2d 724 (1976). The civil rights provisions interpreted in these decisions apparently do not specifically authorize class actions; rather, the interpretation of the various statutes authorize the agency to file a complaint in the nature of a class action is based upon the extensive power delegated to the respective agencies to investigate and enforce anti-discrimination laws and on the state’s strong public policy against racial and sexual discrimination.
First of all we note that there are many differences in the various state civil rights statutes. The most notable difference is the statutory provisions of those states authorizing the agency to initiate its own administrative complaint. The Supreme Court of Alaska relied on this factor in its decision in Hotel, Motel, Restaurant, etc., Union Local 879 v. Thomas. Analyzing the statutory scheme of its civil rights act, the court stated:
[T]he legislature has seen fit to give the executive director [of the State Commission for Human Rights] authority to activate the administrative machinery on his own initiative, by filing a formal complaint, when evidence of unlawful discrimination comes to his attention. Clearly the legislature intended the Commission to be more than a simple complaint-taking bureau; the statutory scheme constitutes a mandate to the agency to seek out and eradicate discrimination in employment____
551 P.2d at 945. The court further noted that in the states of Minnesota, Maryland, Connecticut and Pennsylvania, the anti-discrimination agencies were authorized to initiate their own administrative complaints, and in each of those states, the anti-discrimination statutes have been interpreted as allowing class actions.
Under A.R.S. § 41-1481, ACRD may initiate its own charge of discrimination in employment. That statute is under Article 6 of the Arizona Civil Rights Act which is titled “Enforcement Procedures for Discrimination in Employment.” We find significant the language of subsection G which provides for the relief which may be obtained through litigation. Reinstatement of “employees” may be ordered by the court and “any other equitable relief as the court deems appropriate.” “Interim earning or amounts earnable with reasonable diligence by the person or persons discriminated against shall reduce the back pay otherwise allowable.” We note these references to more than one individual. The Arizona Civil Rights Act is remedial legislation designed to eliminate discriminations based on race and other classifications. A remedial statute is entitled to liberal construction. Sellinger v. Freeway Mobile Home Sales, 110 Ariz. 573, 521 P.2d *314 1119 (1974); State v. Sanner Construction, 109 Ariz. 522, 514 P.2d 443 (1973).
In view of the obvious broad power to investigate and enforce the Arizona Civil Rights Act given by the legislature to ACRD it would lie in contradiction for this court to hold that ACRD may file a legal action only on an individual basis on behalf of charging parties. Class-wide discrimination uncovered during investigations would go unremedied. Judicial economy would also dictate the use of class actions rather than many individual lawsuits. We believe the reason for the use of the plural employees in subsection G was in contemplation of class-action, not several individual lawsuits. We hold that A.R.S. § 41-1481 does permit the Attorney General through the Arizona Civil Rights Division to seek relief for a class of persons.
We must then answer whether such an action is governed by rule 23, Arizona Rules of Civil Procedure which sets forth the prerequisites to a class action.
The United States Supreme Court in General Telephone Co. of the Northwest, Inc. v. EEOC held that the EEOC may seek class-wide relief under 42 U.S.C. § 2000e-5(f)(1) without being certified as a class representative under Federal Rules of Civil Procedure, rule 23. By analogy, argues ACRD, it should be able to seek class-wide relief under A.R.S. § 41-1481 without complying with rule 23, Arizona Rules of Civil Procedure.
ACRD alleges that requiring compliance with rule 23 would create the following problems: the numerosity requirement might force it to join all aggrieved parties, despite its statutory authority to sue in its own name; the typicality requirement might force ACRD to limit its actions to claims of the charging parties, something that would be inconsistent with the Division’s role as the public interest indicator; and a potential conflict of interest between ACRD and class members might violate the rule 23 requirement of adequate representation. The same potential problems were considered in relation to the EEOC by the court in General Telephone.
We also note that in subsection E of A.R.S. § 41-1481, which authorizes ACRD to bring an action for temporary or preliminary relief pending final disposition of a charge filed, there is a requirement that such relief “shall be issued in accordance with the Supreme Court Rules of Civil Procedure.” However, no such requirement appears in subsection G, pursuant to which ACRD filed its second count of the complaint.
For the foregoing reasons we hold that ACRD may bring a class action pursuant to A.R.S. § 41-1481 without being governed by rule 23, Arizona Rules of Civil Procedure. The judgment of the trial court dismissing count two is reversed and the case remanded for further proceedings consistent with this opinion.
GREER, J., concurs.