673 P.2d 907

Ann Lewis HIGDON, formerly Marilee Ann Lewis, Plaintiff/Appellee,

v.

EVERGREEN INTERNATIONAL AIR-LINES, INC., an Oregon corporation doing business in the State of Arizona, Defendant/Appellant.

No. 16538–PR.

Supreme Court of Arizona, En Banc.

Oct. 24, 1983.

Bolding & Zavala by Michael O. Zavala, Tucson, for plaintiff/appellee.

Lewis & Roca by John P. Frank, Richard S. Cohen, Phoenix, for defendant/appellant.

HOLOHAN, Chief Justice.

We granted the petition of Ann Lewis Higdon to review the opinion and decision of the Court of Appeals in *Higdon v. Evergreen International Airlines, Inc.,* 138 Ariz. 172, 673 P.2d 916 (App.1982).

This appeal involves a claim of sex-based wage discrimination. Appellee, Ann Higdon, brought this action under the Arizona Civil Rights Act, A.R.S. §§ 41–1401, et seq. and the federal Equal Pay Act of 1963, 29 U.S.C. § 206(d). The Superior Court filed written findings of fact and conclusions of law and granted judgment, holding that appellee had established a violation of the Arizona Civil Rights Act and the federal Equal Pay Act by demonstrating that she had performed substantially equal work for unequal compensation. Evergreen appealed from the judgment. The Court of Appeals reversed the decision of the trial court on the grounds that the trial court applied an incorrect rule of law.

The facts necessary to a determination of this appeal are as follows. In January, 1976, appellant Evergreen was a small commercial airline in Marana, Arizona with about fifty employees. Gary Williamson was hired as a salesman in marketing operations in early 1976. He later became marketing manager for Evergreen at a salary of approximately $1100 per month.

Evergreen experienced rapid growth during 1976. It became necessary to create a passenger service department to provide for the convenience and comfort of passengers. Williamson was made its director in January, 1977, at his same salary. Evergreen's passenger business was charter flights which required it to have "station managers," either employed or by contract, in most of the terminals which it used.

Williamson's new position required him to travel extensively to various terminals to hire, train and supervise station managers; secure office space; contract with other companies; mark and handle luggage; and receive and adjust customer complaints.

In April, 1977, appellee was employed as Williamson's secretary assistant at a salary of $500 per month. When Williamson resigned in February, 1978, appellee replaced him and was given a $200 per month raise, making her salary as director of the passenger services department $700 per month. Williamson's salary at the time of his resignation was $1183. From the date she was hired, until her resignation a year and one-half later, appellee was given one $56 per month raise.

Williamson's experience prior to his employment with Evergreen included 11 years with Continental Airlines, beginning as a customer service representative and ending as a sales manager. He also worked for Gray Line Tours holding two different positions as travel agency manager and as sales manager. Appellee's prior work experience

included 6 months as a flight attendant, 7 years as a dental assistant and several secretarial positions.

At trial, appellant argued that appellee did not perform the same job as her male predecessor. In the alternative, appellant argued, if the court found that the jobs were substantially equal, then the pay disparity between appellee and Williamson was justified because of Williamson's previous travel industry experience.

The trial court found that "[t]he work performed by the [appellee] and her male predecessor was substantially equal in the sense of requiring the same skill, effort and responsibility." The court found further that past work experience cannot, as a matter of law, establish a justification for disparate salaries "if the work is such that it is capable of being learned by observation and practice without specialized education or experience." Finding that the job at issue did not require any specialized training or education and could be learned by observation, the trial court ruled that appellee had established a violation of the Arizona Civil Rights Act[1] and the federal Equal Pay Act[2] and entered judgment accordingly.

The Court of Appeals reversed the judgment of the trial court on the grounds that the trial court applied an incorrect rule of law. The Court of Appeals held that past work experience is a justification for disparate salaries under the Arizona Civil Rights Act and the Equal Pay Act, and Evergreen was justified on that basis in paying appellee a lesser wage than the previous male manager.

This appeal calls into question the scope of the "factor other than sex" exception to the Equal Pay Act of 1963 as incorporated into the Arizona Civil Rights Act by A.R.S. § 41–1463(H).

A.R.S. § 41–1463(B) makes it an unlawful employment practice for an employer to "discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment because of such individual's ... sex...." Subsection (H) of A.R.S. § 41–1463, however, provides in relevant part:

"Notwithstanding any other provision of this article, it is not an unlawful employment practice:

\* \* \* \* \* \*

3. For any employer to differentiate upon the basis of sex in determining the amount of the wages or compensation paid or to be paid to employees of such employer if such differentiation is authorized by the provisions of section 6(d) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 206(d))."

Section 206(d) of Title 29 provides in relevant part:

"No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any factor other than sex...." 29 U.S.C. § 206(d)(1).

Preliminarily, we note that A.R.S. § 41–1463(H) was designed to incorporate the four affirmative defenses of the Equal Pay Act, 29 U.S.C. § 206(d), into the Arizona Civil Rights Act. *See County of Washington v. Gunther*, 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981).[3] The employer

---

1. A.R.S. §§ 41–1401, et seq. (hereinafter referred to as the Arizona Civil Rights Act).

2. 29 U.S.C. § 206(d)(1) (hereinafter referred to as the Equal Pay Act).

3. The Arizona Civil Rights Act is modeled after and generally identical to the federal statute in the area (Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e, et seq.). Accordingly, we find federal Title VII case law

bears the burden of pleading and proving these affirmative defenses. *Corning Glass Works v. Brennan,* 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974) (claim brought under the Equal Pay Act). In other words, once a plaintiff has established that the employer pays workers of one sex more than workers of the opposite sex for equal work, the burden shifts to the employer to show that the differential is justified under one of the Equal Pay Act's four exceptions. *Id.* at 196, 94 S.Ct. at 2229, 41 L.Ed.2d at 11; *Kouba v. Allstate Ins. Co.,* 691 F.2d 873 (9th Cir.1982) (claim brought under Title VII).

In this case, the trial court found that the work performed by the appellee and her male predecessor was substantially equal and that appellee was paid less than her male predecessor. There is substantial evidence in the record to support this finding. We will not disturb it on appeal. *Grant v. White,* 103 Ariz. 257, 439 P.2d 828 (1968). The only issue we consider is whether appellant met its burden of rebutting appellee's prima facie case by showing that the wage differential was due to a factor other than sex.

In an effort to carry its burden, Evergreen asserts that experience is a factor other than sex and, hence, constitutes an affirmative defense under the Arizona Civil Rights Act and the Equal Pay Act.

Recently, the Ninth Circuit interpreted the scope of the "factor other than sex" exception to the Equal Pay Act and to Title VII. *Kouba v. Allstate Ins. Co., supra.* The Ninth Circuit imposed a business-related requirement on the "factor other than sex" exception. It held that an employer cannot use a factor which causes a wage differential between male and female employees absent an acceptable business reason. *Id.* at 876.

In *Kouba,* the pay differential was attributable to the employer's practice of computing the salary of new sales agents on the basis of prior salary. The business reason advanced by the employer for its use of

prior salary was that prior salary was a predictor of a new employee's performance.

Noting that an employer might assert some business reason as a pretext for a discriminatory objective, the court in *Kouba* enunciated a standard for evaluating business reasons acceptable under the exception. "A pragmatic standard, which protects against abuse yet accomodates employer discretion, is that the employer must use the factor reasonably in light of the employer's stated purpose as well as its other practices." *Id.* at 876–877. Special relevant considerations in evaluating reasonableness under this standard will vary with each situation, the court stated. An employer's "other practices," however, are always relevant and can be asserted by the employer to show that its use of a factor which causes a wage disparity is bona fide and not a pretext for discrimination. The Ninth Circuit remanded the case to the district court to find whether the business reasons advanced by the employer reasonably explain its use of prior salary. Relevant considerations, the court stated, include: "(1) whether the employer also uses other available predictors of the new employee's performance, (2) whether the employer attributes less significance to prior salary once the employee has proven himself or herself on the job, and (3) whether the employer relies more heavily on salary when the prior job resembles the job of the sales agent." *Id.* at 878.

■ We adopt the Ninth Circuit's business-related requirement for the "factor other than sex" exception to the Arizona Civil Rights Act and the Equal Pay Act. We believe that, in order to carry its burden under this exception, the employer must: (1) show that use of a factor which creates a wage disparity is business related; and (2) show that use of the factor is reasonable in light of the employer's stated purpose as well as its other practices.

■ We do *not* suggest that the Arizona Civil Rights Act or the Equal Pay Act imposes a prohibition against the use of prior

persuasive in the interpretation of our Civil Rights Act.

experience. On the contrary, experience is a "factor other than sex" that can be asserted by the employer as an affirmative defense. *Strecker v. Grand Forks County Social Service Bd.,* 640 F.2d 96 (8th Cir. 1980); *E.E.O.C. v. Aetna Ins. Co.,* 616 F.2d 719 (4th Cir.1980); *E.E.O.C. v. New York Times Broadcasting Service, Inc.,* 542 F.2d 356 (6th Cir.1976). The courts have, however, generally required an employer to show that the practices which purportedly explain the wage differentials were used objectively, systematically and nondiscriminatorily by the employer. *See generally Strecker v. Grand Forks County Social Service Bd., supra; E.E.O.C. v. Aetna Ins. Co., supra; E.E.O.C. v. New York Times Broadcasting Service, supra; Brennan v. Victoria Bank and Trust Co.,* 493 F.2d 896 (5th Cir. 1974).

■ The trial court decided, as a matter of law, that education or past work experience does not establish a justification for disparate salaries if the work is capable of being learned by observation and practice without specialized education or experience. The reason for the ruling of the trial court was not legally correct.

It is suggested that the evidence does in fact support the judgment, and this court should find any additional fact necessary to sustain the judgment if reasonably supported by the evidence and not in conflict with the express findings of the trial court. *In Re Holman's Adoption,* 80 Ariz. 201, 295 P.2d 372 (1956); *Coronado Co., Inc. v. Jacome's Department Store, Inc.,* 129 Ariz. 137, 629 P.2d 553 (App.1981). It should be noted that the trial court rejected certain findings submitted by appellant which indicate, it is argued, that the trial court impliedly found the submitted findings not supported by the evidence. The rejected findings were:

1. The defendant has met its burden of rebutting plaintiff's prima facie case by showing the wage differential was due to a factor other than sex, and the plaintiff has failed to show the other factors were mere pretext;

2. Defendant has shown that there were valid business reasons for the wage disparity, and that the experience of Gary Williamson was important as an economic consideration for the defendant;

\*   \*   \*   \*   \*   \*

4. The job at issue when Gary Williamson was assigned to it required substantial breadth and scope of experience in order to set up the department.

■ We believe that the rule which applies to this case is that where findings are infirm because of an erroneous view of the law, a remand is the proper course unless the record permits only one resolution of the factual issue. *Kelley v. Southern Pacific Co.,* 419 U.S. 318, 332, 95 S.Ct. 472, 480, 42 L.Ed.2d 498 (1974). We cannot determine whether the trial judge rejected the submitted findings because they were not supported by the evidence or whether he rejected them because they were not material under the legal theory adopted by the trial court. Under such circumstances a remand appears to be the proper course. The opinion of the Court of Appeals is vacated. *Higdon v. Evergreen International Airlines, Inc.,* 138 Ariz. 172, 673 P.2d 916. The judgment of the trial court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.