719 P.2d 1068

**Ann Lewis HIGDON, formerly Marilee Ann Lewis, Plaintiff/Appellee,**

**v.**

**EVERGREEN INTERNATIONAL AIRLINES, INC., an Oregon corporation, doing business in the State of Arizona, Defendant/Appellant.**

**No. 18389–PR.**

Supreme Court of Arizona, En Banc.

May 23, 1986.

Reconsideration Denied June 24, 1986.

Bolding & Zavala by Michael O. Zavala, Tucson, for plaintiff/appellee.

Lewis & Roca by Susan M. Freeman and Richard S. Cohen, Phoenix, for defendant/appellant.

HOLOHAN, Chief Justice.

We granted the petition of Ann Lewis Higdon (Higdon) to review the decision of

the Court of Appeals in *Higdon v. Evergreen Int'l Airlines, Inc.,* 149 Ariz. 461, 719 P.2d 1077 (App.1985). This is the second time this case has been before us. *See Higdon v. Evergreen Int'l Airlines, Inc.,* 138 Ariz. 163, 673 P.2d 907 (1983) (Higdon I).

The issue before this court is whether the Court of Appeals properly applied the standard of review in this sex discrimination case.

The essential facts necessary for the disposition of this appeal are that on February 8, 1980, Higdon filed a complaint alleging that Evergreen International Airlines, Inc. (Evergreen) had practiced sex-based wage discrimination.* On August 21, 1981, the trial court entered findings of fact, conclusions of law and judgment for Higdon. Evergreen appealed. The Court of Appeals, in *Higdon v. Evergreen Int'l Airlines, Inc.,* 138 Ariz. 172, 673 P.2d 916 (App.1982), reversed and remanded with directions to the trial court to enter judgment for Evergreen. We granted review, vacated the Court of Appeals' opinion and remanded the case to the trial court for a redetermination of the findings of fact and conclusions of law.

In *Higdon I* the trial court had ruled that education or experience were not justifications for disparate salaries. We held that "[t]he reason for the ruling of the trial court was not legally correct." *Higdon I,* 138 Ariz. at 167, 673 P.2d at 911. The trial court had rejected the proposed findings of Evergreen, but it was not clear to us whether that rejection was based on the erroneous view of the law, or whether the findings were rejected as not supported by the evidence. Therefore, we remanded the case to the trial court for further proceedings consistent with our opinion which set forth the legal principles to be applied to the facts.

On remand, the trial court heard the matter and ruled that the findings submitted by Evergreen were not supported

by the evidence, and entered judgment for Higdon. Evergreen again appealed. The Court of Appeals again reversed and remanded to the trial court with directions to enter judgment for Evergreen. We granted review.

 When this court in *Higdon I* remanded the case to the trial court, it was implicit that we had concluded the record could justifiably support a finding either for or against Evergreen. That position was binding on the Court of Appeals. *Maricopa County Medical Society v. Blende,* 104 Ariz. 12, 14, 448 P.2d 68, 70 (1968).

If the trial court's interpretation of the evidence is plausible, the Court of Appeals may not reverse even though it is convinced it would have decided differently if it had been the trier of fact. *Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). In the case before us the trial court chose one of the plausible versions of the facts. Where the trial court has a choice between two permissible views of the facts, the trial court's choice of one cannot be characterized as clearly erroneous. *United States v. Yellow Cab Co.,* 338 U.S. 338, 342, 70 S.Ct. 177, 179, 94 L.Ed. 150, 153 (1949).

The opinion of the Court of Appeals is vacated. The judgment of the trial court is affirmed.

GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.

HAYS, J., did not participate in the determination of this matter.

---

* For more detailed facts, *see Higdon I,* 138 Ariz. 163, 673 P.2d 907 (1983).