Jerry ESPINOZA and Lisa Y. Espinoza, husband and wife, Plaintiffs,

v.

FRY'S FOOD STORES OF ARIZONA, INC., a California corporation, Defendants.

No. CIV 89–1934 PHX RCB.

United States District Court, D. Arizona.

April 11, 1990.

Thomas P. McVay, Phoenix, Ariz., for plaintiffs.

Nathan R. Niemuth, Michael D. Moberly, Ryley, Carlock & Applewhite, Phoenix, Ariz., for defendants.

## ORDER

BROOMFIELD, District Judge.

Defendant filed a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6) and a motion for partial judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c). Plaintiff responded and filed two motions to remand. The Court heard oral argument on April 9, 1990. After careful review of the parties written and oral arguments, the Court now rules.

### I. FACTS

Plaintiffs filed a pro per complaint in Arizona Superior Court on October 17, 1989. They claimed that Jerry Espinoza was an employee of defendant Fry's Food Stores and that defendant discriminated against plaintiff on the basis of his national origin. Count One alleged violations of the Arizona Civil Rights Act, Ariz.Rev.Stat. Ann. ("A.R.S.") § 41–1463 (Supp.1989) and a federal civil rights act, 42 U.S.C. § 1981. Count Two alleged a violation of the applicable collective bargaining agreement. On November 22, 1989, defendant removed the action to this Court.

Plaintiffs then amended their complaint, without objection by defendant. The amended complaint asserts two counts, both based upon the Arizona Civil Rights Act.

### II. DISCUSSION

#### A. *Remand*

Defendant removed the action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, based on plaintiffs' federal civil rights claim. Plaintiffs seek remand on the basis that their amended complaint, consented to by defendant, alleges only state law claims. Defendant counters that plaintiffs' attempt is a ploy to manipulate a return to state court.

Once the basis for removal jurisdiction has been extinguished, the court has discretion to remand or retain jurisdiction. *Price v. PSA, Inc.*, 829 F.2d 871 (9th Cir. 1987) *cert. denied,* 486 U.S. 1006, 108 S.Ct. 1732, 100 L.Ed.2d 196 (1988). Further-

more, the court should consider plaintiffs' motives in dropping the basis for federal jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 622, 98 L.Ed.2d 720 (1988).

> A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state law claims.

*Id.*

The Court is persuaded that plaintiffs' amendment, alleging only state law claims, is an attempt to manipulate remand. Although plaintiffs' counsel [1] admits to only notarizing the original complaint, it was clearly drafted by someone with some legal knowledge. Furthermore, plaintiffs' other policy reasons for remand are unpersuasive.

Plaintiffs assert that the reason for recent focus upon the Arizona Civil Rights Act is economic. However, they fail to explain how it may be less expensive to litigate in state court, rather than federal court.

▮ Plaintiffs ask the Court to abstain from deciding the action, because Arizona courts have not fully interpreted the Arizona Civil Rights Act. However, abstention is not appropriate in this action. "[A]bstention is ... appropriate when the case presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.'" *Polykoff v. Collins*, 596 F.Supp. 584, 587 (D.Ariz.1984) (quoting *Colorado River Conservation District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47

L.Ed.2d 483, 496 (1976)) *aff'd*, 816 F.2d 1326 (9th Cir.1987). This case may eventually present difficult questions of state law, but it is federal law that will guide the interpretation. *See Higdon . v. Evergreen . Intern. Airlines, Inc.*, 138 Ariz. 163, 165–66 n. 3, 673 P.2d 907, 909–10 n. 3 (1983) (Because the Arizona Civil Rights Act is generally identical to Title VII, 42 U.S.C. § 2000e, "federal Title VII case law is persuasive in the interpretation of our Civil Rights Act.") Because issues presented by this action may eventually be settled by interpreting and applying federal law, this Court is certainly capable of deciding the merits. Furthermore, plaintiffs have not presented any set of circumstances in which policy questions concerning the Arizona Civil Rights Act would transcend the importance of the case at bar. *See Polykoff*, 596 F.Supp. at 587.

Finally, plaintiffs argue that the Court should consider the extent of judicial resources that the Court has committed to the action. *See Givoh Associates v. American Druggists Ins. Co.*, 562 F.Supp. 1346, 1352 (E.D.N.Y.1983); *see also Murphy v. Kodz*, 351 F.2d 163, 168 (9th Cir.1965) ("Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims it is ... akin to "making the tail wag the dog" for the District Court to retain jurisdiction.") Although plaintiffs are correct in stating that the Court has not expended a great deal of resources to date on this controversy, aside from the instant order, this consideration is outweighed by plaintiffs' attempted manipulation. Furthermore, unlike *Givoh Associates*, and as previously discussed, this case may primarily turn upon interpretations of federal law, rather than state law. *See id.*

**B.** *Motion to Dismiss*

    1. Legal Standard

▮ A motion to dismiss under Fed. R.Civ.P. 12(b)(6) raises the issue of the

---

**1.** Although plaintiffs had obtained the advice of counsel, he was not retained, nor did he appear,

until about the time defendants were served.

failure of the pleading to state a claim upon which relief can be granted. In considering this motion, the Court liberally construes the complaint and views it in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974). The issue is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Id.* A court should not dismiss a complaint for failure to state a claim unless plaintiff can prove no set of facts in support of his claim that entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84–85 (1957). Thus, a court will not dismiss the complaint merely because the plaintiff's allegations do not support the particular legal theory he advances, as the court is under a duty to examine the complaint to determine if the allegations provide a basis for relief under any possible theory. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686, 40 L.Ed.2d at 96. Finally, Fed.R.Civ.P. 8 requires simply a short and plain statement of the claim, rather than specific facts detailing every allegation.

### 2. Analysis

■ Defendant's motion seeks dismissal of plaintiff Lisa Espinoza, arguing that she lacks standing to assert a claim against defendant under the Arizona Civil Rights Act. Ms. Espinoza was not employed by defendant and apparently is joined as Mr. Espinoza's spouse. Defendant argues that she is not an "aggrieved person" under the Act and therefore cannot bring a claim. A.R.S. § 41–1481.

■ The Court is unaware of any Arizona decisions interpreting this provision, but another judge of this court has held that plaintiff's husband was not an "aggrieved person" within the meaning of Title VII. *Breen v. City of Scottsdale*, 37 Fair Empl.Prac.Cas. (BNA) 1001, 1985 WL 112 (D.Ariz.1985) (Muecke, J.). Furthermore, plaintiff does not explain why Ms. Espinoza is joined. Plaintiffs' Reply to Defendant's Response to Plaintiffs' Cross Motion to Remand, at 3. The Court sees no

other reason for plaintiffs including Ms. Espinoza. Defendant points out that it is necessary to join a spouse as a defendant if the marital community is accountable for the potential obligation. *See* A.R.S. § 25–215.D. However, there is no corresponding statute concerning plaintiffs. As a result of community property laws, it is unnecessary to join both spouses as plaintiffs in an action alleging injury to one of the spouses, even if a recovery would be community property. *See* A.R.S. § 25–211 (Definition of community property). Plaintiffs fail to cite any contrary authority. Therefore, as Ms. Espinoza does not have standing, and the Court sees no other reasons for her joinder, she is dismissed as a plaintiff in this action.

### C. *Motion for Partial Judgment on the Pleadings*

■ Defendant seeks judgment on the issue of whether plaintiff is entitled to compensatory damages under the Arizona Civil Rights Act. Plaintiff's complaint seeks, *inter alia,* compensatory damages in an amount to be proven at trial.

Again, Arizona courts have not considered the issue and therefore the Court will look to federal law interpreting Title VII. *See Higdon,* 138 Ariz. 163, 165–66 n. 3, 673 P.2d 907, 909–10 n. 3; *Civil Rights Div. v. Superior Court,* 146 Ariz. 419, 424, 706 P.2d 745, 750 (App.1985) (Federal cases construing Title VII are appropriate to examine in considering relief to be awarded pursuant to the Arizona Civil Rights Act). Precedent is clear; compensatory damages are not available in Title VII cases. *Padway v. Palches,* 665 F.2d 965 (9th Cir.1982); *see also Breen v. City of Scottsdale,* 39 Fair Empl.Prac.Cas. (BNA) 1802, 1804–05, 1986 WL 3751 (D.Ariz.1986).

Plaintiff argues that this holding would be contrary to the purposes of the Arizona Civil Rights Act.

The second objective of the statute is to *make the victims of discrimination whole* and to restore them to a position where they would have been but for the discrimination.

*Civil Rights Div.*, 146 Ariz. at 425, 706 P.2d at 751. (Emphasis supplied). However, other federal courts have also faced this argument in Title VII suits and found that the absence of the availability of compensatory damages are not contrary to the make whole purpose of the statute. *See, e.g., Musikiwamba v. ESSI, Inc.*, 760 F.2d 740 (7th Cir.1985) (Comparing Section 1981 and Title VII relief, the Court stated that "compensatory damages—which are imposed to provide relief for the collateral, not merely job-related, effects of discrimination—go far beyond this purpose.") In *Patterson v. Youngstown Sheet & Tube Co.*, 475 F.Supp. 344, 353 (N.D. Ind.1979), the Court discussed the make-whole purpose of Title VII and stated:

> [A]lthough Plaintiffs should be made whole for lost earnings, they are not entitled under Title VII to any windfall profits or other monetary sums. Thus, it is clearly established by the various federal courts that punitive damages may not be awarded ... nor may general compensatory damages for pain and suffering or the life.

(Citations omitted). Therefore, pursuant to the Ninth Circuit's decision in *Padway*, 665 F.2d 965, plaintiff is unable to recover compensatory damages in his suit based on alleged violations of the Arizona Civil Rights Act.

IT IS ORDERED denying plaintiffs' motions to remand. (Docket ## 18 and 21).

IT IS FURTHER ORDERED granting defendant's motion to dismiss plaintiff Lisa Espinoza. (Docket # 14).

IT IS FINALLY ORDERED granting defendant's motion for partial judgment on the pleadings. (Docket # 17).