34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy GRIFFIN, aka Lee, Plaintiff-Appellant,
v.
SARGENT CONTROLS INC.; et al., Defendants-Appellees.
 No. 94-15123.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leroy Griffin appeals pro se the district court's summary judgment for defendants in Griffin's employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Secs. 2000e-2000e-17 and the Arizona Civil Rights Act ("ACRA"), Ariz.Rev.Stat. Secs. 41-1401-84. Griffin also appeals the district court's order denying Griffin's motion for new trial. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's summary judgment. See Robinson v. Adams, 847 F.2d 1315, 1316 (9th Cir.1988) (as amended), cert. denied, 490 U.S. 1105 (1989). "Viewing the evidence in the light most favorable to [Griffin], we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Perugini v. Safeway Stores, Inc., 935 F.2d 1083, 1085 (9th Cir.1991).
 
 
 4
 This case arises out of defendant Sargent Controls Inc.'s ("SCI") decision in 1990 not to hire Griffin as an employee. Griffin is African-American. In the action below, SCI conceded, as it does on appeal, that Griffin established a prima facie case of employment discrimination. Moreover, there is no dispute that SCI carried its burden of articulating a legitimate, nondiscriminatory reason for not hiring Griffin. The issue is whether the district court correctly held that Griffin failed to raise a genuine issue of material fact as to whether SCI's articulated reason was a pretext for discrimination. See Wallis v. J.R. Simplot Co., No. 92-36759, slip op. 5495, 5503 (9th Cir. May 26, 1994) (setting forth shifting-burden analysis applicable in Title VII actions).
 
 
 5
 Before reaching that question, we consider Griffin's contention that summary judgment was inappropriate because he established a prima facie case of employment discrimination. For this proposition, Griffin relies on this court's decision in Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1111 (9th Cir.1991). In Wallis, this court rejected an identical argument that also was based on Sischo-Nownejad. See Wallis, slip op. at 5504-06. Because this court's reasoning in Wallis is applicable here, Griffin's contention lacks merit.
 
 
 6
 We thus turn to the question of whether Griffin met his evidentiary burden to defeat summary judgment. Our review of the district court's judgment "is based upon what was before the district court when the summary judgment was decided." Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir.1988). Here, the record before the district court at the time it granted summary judgment showed the following undisputed facts.
 
 
 7
 In 1990, SCI relocated from Huntington Park, California to Tucson, Arizona. In October 1990, SCI advertised job openings at its new Tucson facility. SCI received almost 1,500 applications for the 70-80 positions it hoped to fill with local residents. Three SCI managers were responsible for hiring at the Tucson facility. Each manager was responsible for hiring employees in certain job classifications. One of these managers was Richard Pappin.
 
 
 8
 On November 6, 1990, Griffin applied for several positions that fell within Pappin's area of responsibility. Because of the volume of applications, Pappin prescreened them based on various factors, including the applicant's desired salary. If an applicant's desired salary was substantially greater than the salary SCI offered for the position applied for, Pappin immediately eliminated the application from further consideration. If, however, an applicant listed his or her desired salary as "open", Pappin passed the application to the next step.
 
 
 9
 Griffin wrote on his November 6, 1990 application that his desired salary was $35,000. Because SCI paid substantially less than $35,000 for the jobs Griffin applied for, Pappin eliminated Griffin's application from further consideration. Pappin did not consider whether Griffin was qualified for any other positions. Griffin's application did not indicate his race.
 
 
 10
 In contending that a genuine issue of material fact exists as to whether Pappin's prescreening process was a pretext for discrimination, Griffin relies chiefly on an alleged job application he filled out on October 18, 1990. Griffin alleges that an SCI official wrote on that application that Griffin was willing to accept whatever salary SCI paid for the positions he applied for. Griffin also alleges he wrote on that application that he is African-American. Griffin contends that SCI is withholding this evidence because SCI has failed to disclose his October 18, 1990 application. SCI claims it simply is unable to locate the alleged application.
 
 
 11
 The record indicates that Griffin may in fact have applied for employment at SCI on October 18, 1990. Nevertheless, it remains undisputed that Pappin rejected Griffin's November 6, 1990 application at the prescreening stage because Griffin's desired salary of $35,000 far exceeded the salary SCI was paying, and that Pappin was unaware of Griffin's race. Because nothing in the record indicates that Pappin's decision was based on anything other than Griffin's November 6, 1990 application, any factual issues pertaining to Griffin's October 18, 1990 application are immaterial and do not serve to defeat summary judgment. See Perugini, 935 F.2d at 1085.
 
 
 12
 Griffin also relies on evidence that SCI hired less-qualified nonminority individuals. Whether Griffin was more or less qualified than these individuals is immaterial, however, because Pappin rejected Griffin's application at the prescreening stage based on Griffin's desired salary. It is undisputed that the individuals listed their desired salary as "open" and, therefore, were considered for jobs based on their qualifications.
 
 
 13
 Evidence that SCI hired an individual whose desired salary was similar to Griffin's is likewise immaterial. It is undisputed that that individual did not apply for the same positions as Griffin. Moreover, the record shows that the salary for the position for which that individual was hired was close to the individual's desired salary.
 
 
 14
 Griffin relies on the deposition testimony of Terry Armstrong, a former administrative assistant to Pappin, to support his contention that Pappin was not responsible for hiring. Armstrong did not testify, however, that Pappin was not responsible for hiring. Rather, he only testified that Bob Purcell was in charge of SCI's Human Resources Department in the fall of 1990. Thus, Armstrong's testimony does not raise a genuine issue of material fact as to whether Pappin reviewed Griffin's November 6, 1990 application.
 
 
 15
 The remainder of the evidence Griffin relies on apparently was not before the district court when it granted summary judgment. Therefore, we do not consider that evidence in our review of that judgment. See Forsberg, 840 F.2d at 1418.
 
 
 16
 Griffin's remaining contentions do not warrant reversal of the district court's judgment. For example, Griffin contends the district court erred by accepting Pappin's affidavit as true because Pappin failed to provide documentation supporting his assertion that he prescreened applications based on the applicants' desired salaries. Griffin cites to no authority, nor are we aware of any, requiring that an affidavit be supported by documentation. Moreover, Griffin may not defeat summary judgment merely by attacking the credibility of an affiant. See Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983).
 
 
 17
 In sum, the undisputed facts show that SCI's articulated legitimate, nondiscriminatory reason for not hiring Griffin was not a pretext for discrimination. See Wallis, slip op. at 5503. We accordingly conclude that SCI was entitled to judgment as a matter of law on Griffin's Title VII claim. See Fed.R.Civ.P. 56(c); Perugini, 935 F.2d at 1085. Moreover, our decision also resolves Griffin's claim under the ACRA. See Bernstein v. Aetna Life & Casualty, 843 F.2d 359, 364 (9th Cir.1988) (stating that Arizona courts regard federal Title VII precedent as instructive and apposite in resolving claims under ACRA); Higdon v. Evergreen Int'l Airlines, Inc., 673 P.2d 907, 909 n. 3 (Ariz.1983) (stating that federal Title VII case law is persuasive in interpretation of ACRA).
 
 
 18
 Finally, we have reviewed the district court's order denying Griffin's motion for new trial and conclude that the district court did not abuse its discretion by doing so. See School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993) (court of appeals reviews denial of motion to reconsider for abuse of discretion), cert. denied, 114 S.Ct. 2742 (1994).[1]
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Griffin encaptioned his motion as a motion for new trial, the district court correctly treated the motion as one for reconsideration under Fed.R.Civ.P. 59(a)