Kathy **SALFINGERE**, et al., Plaintiffs,

v.

Guthrie **LATEX**, et al., Defendants.

No. CV 96–458 TUC JMR.

United States District Court,
D. Arizona.

June 12, 1997.

Law Offices of John J. Standifer, Jr., Tucson, AZ, Law Offices of Joseph H. Watson, Tucson, AZ, for Plaintiffs.

Mesch, Clark & Rothschild, P.C. by Tom R. Clark, Alan N. Ariaz, Tucson, AZ, for Defendants.

court without a jury.

## ORDER

ROLL, District Judge.

Pending before the Court is Defendants' motion to dismiss on which the Court heard argument on June 9, 1997. Although the Court indicated its rationale for denying the motion on several points at oral argument, one issue requires additional explanation.

Defendants argue that several counts must be dismissed because the Court lacks subject-matter jurisdiction over the Title VII and Arizona Civil Rights Act ("ACRA") claims. Defendants contend that the Court does not have subject-matter jurisdiction because Plaintiffs did not have right-to-sue letters from the Equal Employment Opportunity Commission ("EEOC") prior to the date they filed suit in this Court. Defendants assert that having such letters is a jurisdictional requirement to filing suit under both Title VII and the ACRA.[1] Plaintiffs dispute that the Court lacks jurisdiction, arguing that the subsequent issuance of the right-to-sue letters cured any defects.

Pursuant to Title VII, the EEOC is required to issue a right-to-sue letter 180 days after it assumes jurisdiction over a timely charge. 42 U.S.C. § 2000e–5(f)(1). The person making the allegations then has 90 days after receipt of the right-to-sue letter in which to bring a civil action. 42 U.S.C. § 2000e–5(f)(1).

Here, Plaintiffs filed this action on July 15, 1996, but did not receive their right-to-sue letters from the EEOC until September 13, 1996. Thus, Defendants argue, Plaintiffs did not file suit within "within ninety days *after* the giving" of the right-to-sue letter, 42 U.S.C. § 2000e–5(f) (emphasis added), and this Court does not have jurisdiction to hear the claims. All Defendants were served on November 7, 1996.

In *McDonnell–Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973), the United States Supreme Court stated in dicta that the respondent/plaintiff, satisfied the jurisdictional prerequisites to a federal action [under Title VII](i) by filing timely charges of employment discrimination with the Commission and (ii) receiving and acting upon the Commission's statutory notice of the right to sue. In the later case of *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the Court reconsidered that statement, and held that the filing of a timely charge of discrimination with the EEOC is "not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires."

Following *Zipes,* courts have found that the same is true of the issuance of a right-to-sue letter—the right-to-sue letter is not a jurisdictional requirement in the constitutional sense. *Jones v. American State Bank*, 857 F.2d 494, 499 (8th Or.1988); *Gooding v. Warner–Lambert Co.*, 744 F.2d 354, 358 (3rd Cir.1984). *See also Perkins v. Silverstein,* 939 F.2d 463, 471 (7th Cir.1991) (while the Title VII claims "may have been subject to dismissal at any time prior to [plaintiff's] receipt of a right-to-sue letter, the receipt of that letter after the complaint had been filed, but before it had been dismissed, effectively cured the deficiency in the original complaint."); *Pinkard v. Pullman–Standard,* 678 F.2d 1211, 1219 n. 6 (5th Cir.1982) ("[R]eceipt of a right-to-sue letter subsequent to the commencement of a Title VII action, but while the action remains pending, satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII."), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983). Thus, the requirement of a right-to-sue letter is curable after commencement of the action. *Jones,* 857 F.2d at 499–500; *Gooding,* 744 F.2d at 358.

Although Defendants argue otherwise, the rule in the Ninth Circuit is the same. *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n. 1 (9th Cir.1990) ("A Title VII complainant may file an action prior to receiving her right to sue letter, provided there is no evidence showing that the premature filing precluded the state from performing its

---

1. Defendants indicate that Arizona has "consistently held" that federal law is persuasive in interpreting the ACRA. *Higdon v. Evergreen Int'l Airlines, Inc.,* 138 Ariz. 163, 165–66 n. 3, 673 P.2d 907, 909–910 n. 3 (1983).

administrative duties or that the defendant was prejudiced by such filing."); *Wrighten v. Metropolitan Hospitals, Inc.,* 726 F.2d 1346, 1351 (1984) (subsequent issuance of right to sue letters cured any jurisdictional defects in absence of prejudice and any motion to dismiss and there being no effect on state's ability to perform administrative function). *See also Berg v. Richmond Unified School Dist.,* 528 F.2d 1208 (9th Cir.1975) (later issuance of right-to-sue letter coupled with filing of a supplemental complaint cured any initial jurisdictional defect), *vacated on other grounds,* 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1977).[2]

Here, Defendants do not argue that the administrative process was hampered in any way as a result of the early filing of Plaintiffs' lawsuit. In addition, the only argument as to prejudice is Defendants' concern that Plaintiffs filed the action in advance of receiving the notice in order to avoid the changes to the ACRA made by the Arizona Employment Protection Act which took effect on July 19, 1996 (four days after Plaintiffs filed this action). As the Court noted at oral argument, denial of the motion to dismiss at this time does not necessarily mean that Plaintiffs will enjoy the benefits of the old law.

Accordingly, given the issuance of the right-to-sue letters in September 1996, the amendment of the complaint to so reflect, and following the caselaw discussed above, any jurisdictional defect has been cured by that issuance, and the Court has jurisdiction over the Title VII and ACRA claims. Therefore, Defendants' motion to dismiss is denied on this ground.

Accordingly,

**IT IS HEREBY ORDERED** that, except as to any claim by Plaintiff Ramirez against Defendant Envirotech Enterprises, Inc., any claim of discrimination based on race under the Equal Pay Act,[3] and to the extent that Plaintiff Ramirez raises a claim pursuant to

---

**2.** Although Defendants vigorously argued that *Greenlaw v. Garrett,* 59 F.3d 994 (9th Cir.1995), holds differently, the Court disagrees.

**3.** Plaintiffs' counsel has conceded that Plaintiff Ramirez has no claim against Defendant Enviro-

Title VII and the ACRA against Defendant Theodore Presler individually, the motion to dismiss is **DENIED.**

tech Enterprises and that any reference to a claim based on race in Count 4 in the second amended complaint regarding the Equal Pay Act was unintentional.