**Esau A. VITTO, Plaintiff—Appellant,**

v.

**CENTRAL PARKING CORPORATION; St. Joseph's Hospital and Medical Center, Defendants—Appellees.**

No. 03–16765.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esau A. Vitto, Phoenix, AZ, pro se.

Charles Patrick Keller, Michelle Lynette Ray, Snell & Wilmer, LLP, Carrie M. Francis, Quarles & Brady Streich Lang, LLP, for Defendants–Appellees.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

Esau A. Vitto appeals the district court's order granting summary judgment to Central Parking Corporation ("Central Parking") and St. Joseph's Hospital and Medical Center ("St.Joseph's") on Vitto's claims of unlawful discharge under Title VII and the Arizona Civil Rights Act ("ACRA") as well as his claim that he was entitled to unpaid wages. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

## I

We review the district court's decision to grant summary judgment de novo. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied substantive law." *Id.*

## A

■ Vitto argues that the district court erred when it granted summary judgment in favor of St. Joseph's. He contends that employees of St. Joseph's exercised control over Central Parking's management and employees and that St. Joseph's employees were directly responsible for his discharge from his job with Central Parking. Importantly, Vitto does not allege that he was employed by St. Joseph's, and as the district court pointed out in its order:

> Plaintiff admits that he "is not and was not a statutory employee of [St. Joes]." In his Response to St. Joes' Statement of Facts, Plaintiff admits that his "dismissal was generated through Central Parking" because he "worked under the jurisdiction of Central Parking and was hired by Central Parking[.]"
>
> In fact, in his Second Cause of Action for racial discrimination under Title VII and ACRA, Plaintiff alleges that he *"was an employee of Central Parking* who was stationed at St. Joseph facility." Similarly, Plaintiff discusses his "termination from Central Parking" and the fact that he was "terminated by Central Parking[.]"

(alterations and emphasis in original). Additionally, there is insufficient evidence in the record to demonstrate that St. Jo-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

seph's indirectly interfered with or retained control over Vitto's employment relationship with Central Parking. We hold that the district court properly granted summary judgment for St. Joseph's on both of Vitto's causes of action.

## B

■ Vitto also argues that the district court erred when it granted summary judgment to Central Parking on his second cause of action under Title VII and the ACRA.

[A] plaintiff alleging disparate treatment under Title VII must first establish a prima facie case of discrimination. Specifically, the plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably.

*Chuang v. University of California,* 225 F.3d 1115, 1123–24 (9th Cir.2000) (internal citation omitted). We hold that Vitto failed to establish the fourth element of the prima facie case, and thus, his Title VII claim fails.[1]

■ Vitto also challenges the district court's grant of summary judgment for Central Parking on his first cause of action regarding unpaid wages. Vitto failed to present evidence that Central Parking had a policy or practice of paying a terminated employee for accrued sick leave, vacation or birthday pay or that Vitto was entitled to such pay. *See* Ariz.Rev.Stat. §§ 23–350(5), 23–353(A). We hold that the dis-

trict court properly granted summary judgment on Vitto's first cause of action.

## II

Vitto argues that the district court erred when it granted defendants' motion to strike Vitto's First Supplemental Disclosure Statement. The district court's ruling on a motion to strike is reviewed for an abuse of discretion. *See El Pollo Loco, Inc. v. Hashim,* 316 F.3d 1032, 1038 (9th Cir.2003). We hold that the district court did not abuse its discretion in granting defendants' motion.

## III

Vitto also contends that the district court conspired with defense counsel to ensure that Vitto's claims failed and that attorneys for Central Parking impermissibly engineered the removal of original counsel for St. Joseph's to take over the litigation. These claims find no support in the record.

**AFFIRMED.**

---

**1.** To the extent that Vitto challenges the district court's grant of summary judgment on his claim under the ACRA, "the Arizona Civil Rights Act is 'generally identical' to Title VII, and therefore 'federal Title VII case law [is] persuasive in the interpretation of [the Arizona] Civil Rights Act.'" *Bodett v. Coxcom,* *Inc.,* 366 F.3d 736, 742 (9th Cir.2004) (citing *Higdon v. Evergreen Int'l Airlines, Inc.,* 138 Ariz. 163, 673 P.2d 907, 909–10 n. 3 (1983)) (alterations in original). We hold that Vitto's claim under the ACRA fails for the same reasons as his claim fails under Title VII.