John SIRRIDGE, Plaintiff—Appellant,

v.

BAR–S FOOD COMPANY,
Defendant—Appellee.

No. 03–17172.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided July 8, 2005.

Eva Shih Herrera, Esq., Stinson Morrison Hecker LLP, Phoenix, AZ, A. Bradley Bodamer, Stinson Morrison Hecker, LLP, Kansas City, MO, for Plaintiff—Appellant.

Raymond M. Deeny, Esq., Sherman & Howard, LLC, Phoenix, AZ, for Defendant—Appellee.

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

MEMORANDUM *

John Sirridge appeals the district court's grant of summary judgment for defendant Bar–S Food Company ("Bar–S"). Sirridge brought an action under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Arizona Civil Rights Act, A.R.S. § 41–1463, alleging Bar–S terminated him on the basis of age and disability. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts and we do not recount them here except as necessary for our disposition. As a preliminary matter, Sirridge waived his ADA discrimination claim and his ADEA disparate impact claim by failing to argue those claims in his opening brief. See Kennedy v. Lockyer, 379 F.3d 1041, 1063 (9th Cir. 2004).

Regarding Sirridge's ADEA disparate treatment claim, we assume for purposes of our disposition that Sirridge established a prima facie claim of disparate treatment under the ADEA. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994). Bar–S proffered two legitimate, non-dis-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

criminatory reasons for Sirridge's discharge: (1) Sirridge's insubordination toward Bar–S's Chief Operating Officer Robert Uhl; and (2) Sirridge's nonfeasance during the *listeria* recall and his absence during a critical period.

Sirridge failed to present evidence which would allow a reasonable trier of fact to conclude those legitimate, non-discriminatory reasons were pretextual. *See Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Neither Uhl's comment that he wanted Sirridge to "retire" nor the "long in the tooth" comment used by Uhl and Timothy Day provide an inference of age discrimination. *See Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 918–19 (9th Cir.1996); *Nesbit v. Pepsico, Inc.,* 994 F.2d 703, 705 (9th Cir.1993). Further, Bar–S's proffered reasons for terminating Sirridge are not inconsistent or different solely because Bar–S initially told Sirridge he was terminated as a "board decision" and later stated the termination rationale was based on Sirridge's insubordination and nonfeasance during the *listeria* crisis. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1063 (9th Cir.2002).

Because Sirridge's federal claims failed, the district court also properly granted summary judgment to Bar–S on Sirridge's claim under the Arizona Civil Rights Act. *See Bodett v. Coxcom, Inc.,* 366 F.3d 736, 742 (9th Cir.2004); *Higdon v. Evergreen Int'l Airlines, Inc.,* 138 Ariz. 163, 673 P.2d 907, 909 n. 3 (1983).

AFFIRMED.